UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEISHA BOYD, CHANDAR MCDANIELS,
AME'CHERIE CANNON,

                Plaintiffs,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS, ET AL.,
                Defendants.

Civ. No. 12-6612 (DRD)

**ORDER**

This matter having come before the Court on a motion, submitted by Plaintiffs, for default judgment on their claims against Defendant Darron Daye, pursuant to Federal Rule of Civil Procedure 55(b)(2); and a motion, submitted by Daye, to vacate his entry of default, pursuant to Federal Rule of Civil Procedure 55(c); and the Court having considered the submissions and arguments of the parties; and it having come to the attention of the Court that the September 9, 2013 Order and Opinion granting Defendants' Motion to Dismiss the Amended Complaint, erroneously stated that "Plaintiffs' Amended Complaint is dismissed in its entirety, with prejudice";

IT IS on this 31st day of October, 2013, hereby ORDERED that:

(1) The portions of Court's September 9, 2013 Opinion and Order stating that "Plaintiffs' Amended Complaint is dismissed in its entirety, with prejudice" are amended to state instead that "Defendants' Motion to Dismiss the Amended Complaint is GRANTED

with respect to all of Plaintiffs' claims, except that set forth by Plaintiff Keisha Boyd against Daye for sexual harassment and hostile work environment under the New Jersey Law Against Discrimination." The Amended Complaint sets forth allegations, in accordance with Federal Rule of Civil Procedure 8(a) and 12(b)(6), that, in June 2011, after Boyd ended a romantic relationship with Daye, Daye (a) "started a rumor among the prison staff that he and Boyd were in the park and were caught by law enforcement in a compromising position" (Amend. Compl. ¶ 57); (c) "referred to [Ms. Boyd] as a stupid bitch" to other officers (id. ¶ 78); (d) ordered Ms. Boyd to repair his sexual relationship with another female corrections officer at the prison; and (e) sent Ms. Boyd text messages stating that "she had better stay out of his way" or risk being hurt, and "that he would kill one of her associates and would do the same thing to her" (id. ¶¶ 65-66). These allegations are sufficient to show that Daye, as Boyd's supervisor at Northern State Prison, committed acts of sexual harassment against her and created a hostile work environment for her.

(2) Plaintiffs' Motion for Default Judgment against Daye is GRANTED with respect to Boyd's claim against Daye for sexual harassment and hostile work environment, but DENIED with respect to all other claims against Daye, including those set forth by Plaintiffs Chandar McDaniels and Ame'Cherie Cannon. As the Court found at the default judgment hearing on October 7, 2013, Daye fails to present good cause to vacate his entry of default under Federal Rule of Civil Procedure 55(c). However, with the exception of Boyd's claim against Daye for sexual harassment and hostile work environment, Plaintiffs' claims against Daye have been dismissed on the merits, including those set forth by McDaniels and Cannon. Consequently, the Court cannot

2

enter default judgment against Daye on any claim other than that set forth by Boyd for sexual harassment and hostile work environment. See 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane et al., Federal Practice and Procedure § 2690 (3d ed.) ("[I]f [an] action is dismissed, it should be dismissed as to the defaulting party as well as the remaining defendants.").

(3) Having considered Boyd's affidavit stating that she suffered anxiety and depression as a result of Daye's harassment, the Court finds that Boyd is entitled to a damages award of $10,000.

_____
DICKINSON R. DEBEVOISE, U.S.S.D.J.